1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

ROGELIO MUNIZ-VALDEZ,

Defendant(s).

Case No. 2:10-CR-226 JCM (VCF)

ORDER

Presently before the court is *pro se* defendant Rogelio Muniz-Valdez's ("defendant") motion for a sentence reduction under Amendment 782 of 18 U.S.C. § 3582(c).  (Doc. # 63).

On December 8, 2014, defendant filed his *pro se* motion for a sentence reduction.  (Doc. # 63).  On January 28, 2015, pursuant to the District of Nevada's protocol for discretionary sentence reductions, the court entered an order appointing the federal public defender as counsel to represent the defendant.  (Doc. # 64).

In its order, the court directed probation to prepare a supplemental presentence report addressing whether, in the probation office's assessment, the defendant is statutorily eligible for a sentence reduction under Amendment 782.  The court further ordered the federal public defender to file any appropriate motion or stipulation within 120 days.  (Doc. # 64).

Under the District of Nevada's protocol for discretionary sentence reductions, if counsel for the defendant determines that the defendant is not eligible for a sentence reduction, counsel shall communicate that determination to the defendant and move to withdraw as counsel.

On April 20, 2015, the federal public defender filed a motion to withdraw as attorney in this case.  Counsel stated that it had reviewed the defendant's file, including all relevant court documents.  Based on this review, counsel represented that it would not file any motion for a

**James C. Mahan**
**U.S. District Judge**

1  sentence reduction on the defendant's behalf.  Accordingly, the federal public defender sought to

2  withdraw as counsel.  (Doc. # 66).  On April 27, 2015, the court granted the motion.  (Doc. # 67).

3       The District of Nevada's protocol for discretionary sentence reductions provides that if

4  defense counsel files a motion to withdraw, the court will review probation's supplemental PSR

5  and determine whether a response from the United States attorney's office to defendant's *pro se*

6  motion is necessary, or whether it can rule on the motion without requiring a government response.

7  If the court determines that a response from the USAO is warranted, it shall order one.

8       In the present case, the court finds that a response from the USAO is unnecessary to rule

9  on the motion.  Probation has provided the court with a reduction of sentence report for this

10  defendant.  Probation recommends that the court find defendant ineligible for a sentence reduction

11  pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782, and U.S.S.G. § 1B1.10.  Probation notes that

12  defendant's sentry report shows that he has been involved in numerous disciplinary incidents while

13  in custody.  Defendant's actions have included threats and the use of violence.  Probation states

14  that defendant's conduct evidences a failure to abide by and respect authority.

15       Pursuant to 18 U.S.C. § 3582, the court may reduce a term of imprisonment where a

16  defendant has been sentenced based on a sentencing range subsequently lowered by the United

17  States Sentencing Commission after considering the factors set forth in 18 U.S.C. § 3553(a).  18

18  U.S.C. § 3582(c)(2).  Reductions in a term of imprisonment based on an amended guideline range

19  are governed by the policy statement set forth at U.S.S.G. § 1B1.10.  Among other factors, the

20  court may consider the defendant's post-sentencing conduct in determining whether a sentence

21  reduction is warranted.  *See* U.S.S.G. § 1B1.10 cmt. n. 1(B)(iii).

22       18 U.S.C. § 3553(a) sets forth factors to be considered in imposing a sentence.  This section

23  directs the court to "impose a sentence sufficient, but not greater than necessary," to provide

24  adequate deterrence, protect the public from future crimes, and afford the defendant the needed

25  correctional treatment in the most effective manner.  *See* 18 U.S.C. § 3553(a).

26  . . .

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

1    Based on the foregoing, the court will deny defendant's *pro se* motion for a sentence

2    reduction.  The court finds that a reduced sentence is not warranted in light of defendant's post-

3    sentence conduct.

4         Accordingly,

5         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* defendant

6    Rogelio Muniz-Valdez's motion for a sentence reduction, (doc. # 63), be, and the same hereby is,

7    DENIED.

8         DATED May 26, 2015.

9         _____

10        UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -